UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MONTES, ) | 1:11-cv-00664-JLT HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING AMENDED |
| ) | PETITION FOR WRIT OF HABEAS |
| v. ) | CORPUS (Doc. 9) |
| ) | |
| JAMES D. HARTLEY, Warden, ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| ) | |
| Respondent. ) | ORDER DECLINING TO ISSUE |
| _____ ) | CERTIFICATE OF APPEALABILITY |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 11, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6).

   On April 27, 2011, Petitioner filed the original petition for writ of habeas corpus. (Doc. 1). In this proceedings, Petitioner challenges the California court decisions upholding a December 3, 2009, decision of the California Board of Parole Hearings ("BPH"), finding Petitioner unsuitable for parole. Petitioner claims that the BPH's decision that Petitioner posed an "unreasonable risk of danger to society" was not supported by the evidence presented at the hearing. On May 5, 2011, after conducting a preliminary review of the petition, the Court issued an order to amend the petition. (Doc. 4). In the May 5, 2011 order, the Court advised Petitioner that, pursuant to the United States Supreme Court's recent decision in Swarthout v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL

197627 (Jan. 24, 2011), the Court would need to examine the transcript of the BPH hearing on December 3, 2009, in order to determine whether Petitioner has stated or can state a cognizable federal habeas claim. On June 30, 2011, Petitioner filed the instant first amended petition, appending to it a copy of the BPH transcript and decision from which Petitioner now seeks relief. (Doc. 9).

I.   Preliminary Screening of the Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II.   Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

1  (1997). The instant petition was originally filed on April 27, 2011, and thus, it is subject to the
2  provisions of the AEDPA.

3  In the amended petition, Petitioner alleges that he is an inmate of the California Department
4  of Corrections and Rehabilitation who is serving a sentence of fifteen-years-to-life for his 1980
5  conviction for second degree murder. (Doc. 9, p. 1). Petitioner does not challenge either his
6  conviction or sentence; rather, Petitioner challenges the December 3, 2009 decision of the BPH
7  finding him unsuitable for parole. Petitioner contends that the BPH decision that Petitioner remains
8  an "unreasonable risk of danger to society" is not supported by the evidence and thus constitutes a
9  violation of Petitioner's right to due process. (Doc. 9, p. 4).

10  A.  <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

11  As discussed more fully below, the claims in the petition sound exclusively in substantive
12  federal due process and therefore are not cognizable in these proceedings.

13  The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of
14  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless
15  he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts
16  shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in
17  custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§
18  2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v.
19  Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section
20  2254 Cases in the United States District Court. The Supreme Court has held that "the essence of
21  habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v.
22  Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28
23  U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted
24  in a decision that was contrary to, or involved an unreasonable application of, clearly established
25  Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that
26  was based on an unreasonable determination of the facts in light of the evidence presented in the
27  State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

28  Because California's statutory parole scheme guarantees that prisoners will not be denied

parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, 526 U.S.___, ___ S.Ct. ___, 2011 WL 197627.  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627.  In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest.  Swarthout, 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3. The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3. The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id.

Swarthout thus forecloses **any claim** premised upon California's "some evidence" rule, because this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, the single ground for relief in the instant amended petition sounds exclusively in substantive due process and is therefore foreclosed by Swarthout. Review of the record for "some" or "sufficient" evidence, or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254. Accordingly, such a claim, as presently stated, must be summarily dismissed.

Moreover, to the extent that Petitioner's claim rests solely on state law, it is not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

E. D. California

5

B.  Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process. Indeed, the transcript provided in the amended petition establishes that Petitioner's federal procedural due process rights were not implicated by the BPH's decision. First, Petitioner was present at the hearing and was afforded the opportunity to speak in his own behalf (e.g., id., pp. 24-41); he was represented at the hearing by counsel who argued on his behalf (id., pp. 53-56); and, at the conclusion of the hearing, Petitioner was provided with a reasoned decision as to why his parole suitability was being denied. (Doc. 9, pp. 57-65).

According to the Supreme Court, when all of the above factors are present, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present a cognizable claim for habeas relief and must be summarily dismissed.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>  (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the

applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.]

## **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The amended petition for writ of habeas corpus (Doc. 9), is SUMMARILY DISMISSED with prejudice for failure to state a cognizable federal habeas claim;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 2, 2011**                              /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE